

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Weaver H. Baker, Chairman
State Board of Control
Austin, Texas

Dear Mr. Baker:          Opinion No. O-4793

Re: Whether or not the State Board
of Control has the legal author-
ity to permit inmates of the
Gatesville State School for Boys
to work for hire, or otherwise,
on real property not owned or
leased by the State of Texas.

We acknowledge receipt of your letter requesting an
opinion from this Department as follows:

"We have had a number of persons in Coryell
County who have made application to the superin-
tendent of the Gatesville State School for Boys
for labor from among the inmates to assist them
in harvesting crops. One of these inquiries
came from Judge R. B. Cross. I sent him a copy
of your opinion No. O-4727 dealing with convict
labor, and expressed the opinion there would be
a serious question about whether we had the legal
right to permit the superintendent to hire these
boys out. The Judge requested me to obtain an
opinion. I therefore would appreciate your ad-
vice on the following inquiry:

"Does the State Board of Control, or any
employee thereof, have the legal author-
ity to permit inmates of the Gatesville
State School for Boys to work for hire
or otherwise, on real property not own-
ed, or leased by the State of Texas?"

It is the firm opinion of this Department that neither the State Board of Control nor any other agency in the State responsible in anywise for the control and management of the Gatesville State School for Boys has the authority to permit inmates of that institution to work for hire or otherwise for private persons, as indicated in your inquiry.

Title 82, of the Revised Civil Statutes -- Articles 5119 through 5130 -- deals with the management and control of the State Juvenile Training School.

Article 5119 specifically declares:

"The Board of Control and the Superintendent of the State Juvenile Training School shall provide for and maintain suitable instruction and training of the inmates of said school. Said instructions shall include common school or agricultural branches, or all as may be deemed desirable by said Board and Superintendent. * * * ."

There is no other provision of the statutes pertinent in its bearing upon the question propounded.

By and large, the statute is a wholesome and humane one for the restraint and at the same time the protection and correction of juveniles committed to the care of the Institution. In effect, such inmates are wards of the State, under the immediate care and supervision of the boards and officers named. The power thus conferred upon the boards and officers carries with it the corresponding official duties imposed.

It is fundamental law that officers, boards and agencies of the State have such powers only as are conferred upon them by law. It is further fundamental law that such officers, boards and agencies may not delegate their official powers to another in anywise or to any extent.

One, if not the chief concern of the law is that juveniles committed to the Training School shall be under the immediate supervision provided by law -- that is, of the officers and persons named in the statutes.

Clearly, if the inmates were hired out to farmers to assist them in gathering their crops, or in other farm work, at peak times, or otherwise, the boys would not be under the im-

Honorable Weaver H. Baker, Chairman - page 3

mediate supervision of the constituted authorities for such period, but, on the contrary, would be under the immediate supervision to an extent of the farmer or farmers to whom they were hired. The wards of the Institution are not chattels to be bartered, hired or loaned for the convenience of the farmers or the convenience or profit to the State. The particular work mentioned by you may well be a helpful one in a worthy cause, and of no hurt to the juveniles. But, granting the power, there would be no stopping place. Once recognized to exist, the power could be exercised in ways most damaging and hurtful to the wards.

The policy here stated has heretofore been announced by us in the departmental opinion mentioned in your letter -- No. 0-4727 -- dealing with the hiring out of State convicts.

If exceptions are to be made to this policy of the State in dealing with its wards, the matter is one for the legislative consideration, and not for the courts and officers concerned only with the interpretation of the law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED SEP 3, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY

CHAIRMAN